IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER M.
ALBAUGH                                              )
                                                     ) No. 20-418
    v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for supplemental social security disability benefits under the Social Security Act, based on physical and mental impairments. His application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.    THE PARTIES' MOTIONS

Plaintiff avers that the ALJ erred in the following respects: 1) disregarding Plaintiff's Post Traumatic Stress Disorder ("PTSD") as per to Listing 12.15 and generally; 2) at step five, failing to consider the cumulative and combined impact of Plaintiff's obesity, fatigue and obstructive sleep apnea; 3) failing to properly consider the impact of Plaintiff's Major Depressive Disorder

on his ability to stay on job tasks; 4) rejecting the opinion of treating psychiatrist Dr. Karen Kelly; 5) failing to include moderate mental functional limitations in his questions to the vocational expert ("VE"); and 6) relying on outdated assessments that did not address subsequent developments in the Plaintiff's condition.

As regards Plaintiff's PTSD, the ALJ found that it was a severe impairment. Plaintiff notes that the only medical diagnosis of PTSD came from Dr. Kelly, and no evidence of record contradicts her findings.  Defendant acknowledges that the ALJ did not expressly consider PTSD under Listing 12.15, but contends that the error was harmless.  The failure to consider a specific Listing does not require remand, if the ALJ considered the probative evidence and sufficiently explained her conclusion. Ortiz v. Colvin, No. 14-4805, 2016 U.S. Dist. LEXIS 4499 (D.N.J. Jan. 14, 2016).  Listing 12.15 requires a claimant to satisfy Parts A and B or A and C.  See, e.g., Stephens v. Saul, No. 18-3954, 2019 U.S. Dist. LEXIS 124582, at *21 (E.D. Pa. July 25, 2019). Parts B and C are the same for Listings 12.15 and 12.04. Baum v. Saul, No. 20-46, 2021 U.S. Dist. LEXIS 94670, at *12 (W.D. Pa. May 19, 2021).  Here, the ALJ considered the Part B and C criteria under Listing 12.04, and found that Plaintiff did not meet the criteria. Plaintiff does not dispute those findings. His Motion is denied in that regard.

In terms of the alleged failure to consider the combined or cumulative affect of Plaintiff's obesity, fatigue, and sleep apnea, Plaintiff's argument must fail. The ALJ explicitly stated that the RFC was based on a "combination of impairments…especially due to back and leg pain related to obesity." Thus, he clearly considered the effects of Plaintiff's obesity.   In addition, as Plaintiff points out, the ALJ expressly recognized Plaintiff's diagnosis of sleep apnea and his use of a CPAP machine. In connection with a discussion of the Listings, the ALJ also noted that he had considered Plaintiff's combination of impairments.  An ALJ is not required to discuss or cite

to every piece of evidence in detail, or connect every dot. Cf. Dease v. Saul, No. 18-5106, 2020 U.S. Dist. LEXIS 56392, at *26 (E.D. Pa. Mar. 31, 2020).  He was not required, as Plaintiff urges, to associate Plaintiff's fatigue with particular diagnoses.  "An ALJ fulfills his obligation to consider a claimant's impairments in combination with one another if the ALJ explicitly indicates that he has done so, and there is 'no reason not to believe him.'" See, e.g., Samperi v. Berryhill, No. 18-9382, 2019 U.S. Dist. LEXIS 54092 (D.N.J. Mar. 29, 2019) (quoting Morrison ex rel. Morrison v. Comm'r of Soc. Sec., 268 F. App'x 186, 189 (3d Cir. 2008)).  Such is the case here; the ALJ's approach was adequate.

Plaintiff also contends that the ALJ erred by failing to properly consider the impact of Plaintiff's Major Depressive Disorder on his ability to stay on task.[1]  Two medical providers noted Plaintiff's depression diagnosis, and the ALJ found that it was a severe disorder.  A diagnosis, however, does not necessarily equate to a functional limitation. Plaintiff does not point to any particular opinion regarding depression and ability to stay on task, which the ALJ improperly ignored or discounted.  Pertinent to this argument and the others discussed supra, Plaintiff contends that the ALJ failed to afford appropriate weight to the opinion of Dr. Karen Kelly, a treating physician. Dr. Kelly opined that Plaintiff had marked or extreme mental limitations. The ALJ noted that Plaintiff had seen Dr. Kelly twice, in 2018. The ALJ explained that he afforded Dr. Kelly's opinion little weight, because it was inconsistent with Plaintiff's treatment history, the record as a whole, and Dr. Kelly's own records.  The ALJ did not ignore Dr. Kelly's opinions. Instead, he provided an adequate explanation for his conclusions, and this Court cannot reweigh the evidence.

---

[1] Time "off-task" is often correlated with the ability to maintain concentration, persistence, and pace. Cf. Hindsman v. Berryhill, No. 17-3612, 2018 U.S. Dist. LEXIS 162694 (E.D. Pa. Sep. 24, 2018)

Finally, Plaintiff argues that the ALJ failed to include moderate mental functional limitations in his questions to the vocational expert ("VE"). The ALJ found Plaintiff moderately limited in understanding, remembering or applying information, interacting with others, and concentration, persistence, and pace.  The ALJ arrived at an RFC limiting plaintiff, <u>inter alia</u>, to routine and repetitive tasks performed in a low-stress environment, defined as occasional changes in work method; occasional contact with supervisors and coworkers, but no face-to-face contact with the public; primarily working with things and not people; and able to hear and understand simple oral instructions and communicate simple information.  These limitations were included in the ALJ's hypothetical to the VE.  Under the circumstances present in this case, the limitations included in the hypothetical adequately account for the ALJ's findings regarding Plaintiff's functional abilities and limitations.  <u>Cf.</u> <u>Pettway v. Colvin</u>, No. 14-6334, 2016 U.S. Dist. LEXIS 141407 (E.D. Pa. Apr. 8, 2016); <u>Winters v. Comm'r of Soc. Sec</u>., No. 15-01357, 2015 U.S. Dist. LEXIS 165168, at **30-31 (D.N.J. Dec. 9, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: August 6, 2021

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. ALBAUGH<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner<br>of Social Security | )<br>) No. 20-418 |

## ORDER

AND NOW, this 6th day of August, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court